No. 43,841 and No. 43,842 (Consolidated)

UNION PACIFIC RAILROAD COMPANY, a corporation, *Appellee*. v. MAURICE R. BRYAN, County Clerk of Doniphan County, Kansas, MAE WILLIAMSON, County Treasurer of Doniphan County, Kansas; and MILTON A. RILEY, Secretary of Elwood-Gladden Drainage District, *Appellants*.

(397 P. 2d 79)

Opinion filed December 12, 1964.

*Robert A. Reeder*, of Troy, argued the cause and was on the brief for the appellants.

*Charles E. Fisher, Jr.* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Peter F. Caldwell, William G. Haynes*, and *Roscoe E. Long*, all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: These consolidated appeals arise out of actions to recover taxes paid under protest.

The question in each case is the same, and concerns the power of the defendant drainage district to impose a tax on plaintiff's railroad bridge clear to the center of the channel of the Missouri River.

The cases were tried upon stipulations of fact and the testimony of one witness. The pertinent facts are:

Defendant drainage district was organized on July 1, 1958, pursuant to G. S. 1949, 24-401, *et seq.* In establishing the district the board of county commissioners of Doniphan county described its boundary as:

". . . thence Southeasterly, Southerly, and Southwesterly following the right high bank of the Missouri River. . . ."

The Missouri River borders the east boundary of the drainage district and at all points along such boundary the river is legally designated and considered to be a "navigable stream." Plaintiff railroad company owns and maintains a bridge across the river at El-

wood, Doniphan county, which comes from the State of Missouri into the State of Kansas and enters the drainage district.

"Said bridge extends westerly from the center of the channel of the Missouri River, which constitutes the Kansas-Missouri state line, a distance of 1,137.2 feet. 176 feet of the Kansas portion of the bridge (15.47%) and its approaches is within the metes and bounds boundary of the Drainage District, and 961.2 feet (84.53%) of the bridge lies between the metes and bounds boundary and the Kansas-Missouri state line." (Stip. No. 5.)

The bridge is used solely for the purpose of carrying the operating tracks of plaintiff over the river and is a part of its operating property. The valuation, for tax purposes, of the entire bridge in Kansas measured to the center of the channel of the Missouri River (the state line) was $175,000 for the year 1961. For the year 1962 it was valued at $150,000. The entire operating property of plaintiff railroad is regularly appraised and assessed by the State of Kansas as provided by G. S. 1949, 79-601, *et seq.* In 1961 and 1962 tax levies upon the total length of the bridge as defined and described in Stipulation No. 5 above, were made by the State, Doniphan county, a township and a school district. That is, such tax levies were imposed upon the total length of the bridge from its west end to the center of the channel of the river. The taxes so imposed were paid by plaintiff without protest and are not here involved.

In both such years defendant drainage district levied a tax upon the bridge clear to the center of the channel of the river—that being the state line. The taxes so assessed were paid by plaintiff under protest, and these actions to recover a portion thereof were timely filed.

Plaintiff concedes the right of defendant drainage district to levy a tax upon the west 176 feet of the bridge lying west of the right high bank of the river, but denies the district's right to tax the 961.2 feet thereof lying between the right high bank of the river and the center of the channel.

Defendant drainage district contends it has the power to tax the entire length of the bridge from the west end thereof to the center of the channel of the river—that is, to the state line.

In upholding plaintiff railroad's contention the trial court found that the property of the plaintiff within the described boundary of the drainage district was subject to taxation by the district, but that the property of plaintiff being that portion of the bridge lying between the east described boundary of the district and the center of the channel of the Missouri River, was not subject to taxation

by the district, and in each case held that plaintiff was entitled to recover an amount equal to 84.53% of the total tax so paid—such percentage representing the tax on the 961.2 feet of the bridge found not to be within the district.

In these appeals by the drainage district from that decision, reliance is had in part upon G. S. 1961 Supp. 24-407, which states that each drainage district incorporated under the provisions of the act in question (subject to the superior jurisdiction of the United States over navigable waters) is granted exclusive control of the beds, channels, banks and of all lands the title to which is vested in the State of Kansas lying between the banks at high-water mark of all natural watercourses within such district; and which, in the *fourth, fifth, seventh, eighth* and *tenth* subdivisions thereof enumerates the powers and authority of a drainage district. Our attention also is directed to G. S. 1949, 24-453, which is sub-stance provides that every watercourse, any section or reach of which runs through and constitutes a boundary of any drainage district, shall, within the meaning and intent of the act, be deemed to be within such district for the distance that it runs through and constitutes such boundary thereof, and that whenever any watercourse constitutes a boundary of any drainage district such district shall have jurisdiction and control over the whole width of such watercourse between the banks at highwater mark for the distance that such watercourse constitutes such boundary.

It thus is argued that defendant drainage district, having "juris-diction and control" of the river to the center of the channel—of necessity possesses the power to tax all of that portion of the bridge west of the center of the channel.

We believe the contention is without merit and that the trial court was correct in so concluding.

The *eleventh* subdivision of G. S. 1961 Supp. 24-407, above, em-powers a drainage district annually to levy and collect a general tax not exceeding five mills on all taxable property *within the district* to create a general fund. The *twelfth* subdivision thereof empowers a drainage district to levy assessments and special taxes, if deemed expedient by the directors, upon all of the real estate *in the district* that may be benefited. Futhermore, there is nothing in G. S. 1949, 24-453, above, also relied on by the district, which empowers it to impose a tax upon property beyond its corporate boundaries.

It was stipulated that the (east) boundary of the district is the

right (west) high bank of the river. It also was stipulated (No. 5, quoted above) that 176 feet of the Kansas portion of the bridge are within the metes and bounds boundary of the district, and that 961.2 feet of the bridge are between (east of) the metes and bounds boundary and the Kansas-Missouri state line—the state line being the center of the channel. Assuming, without deciding, that under the mentioned statutes relied on, the district, in the furtherance of its purposes and functions, has supervisory "jurisdiction and control" over adjacent areas outside its boundaries, it does not follow that it has the power to tax beyond its boundaries. 176 feet of this bridge are within the district and are subject to be taxed by it. The remaining 961.2 feet of the bridge within the State of Kansas are outside the district, and therefore, not subject to be taxed by the district.

Other contentions and authorities relied on by the district have been considered but are held to be without merit and require no discussion.

In each case the judgment is affirmed.